**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE L. MIRANDA

Plaintiff,

v.

NEWS CORPORATION, *et al.*

Defendants.

3:11-cv-00065-RCJ-VPC

**ORDER**

June 6, 2011

Before the court is plaintiff's application for leave to proceed *in forma pauperis*, accompanied by his *pro se* complaint, which he filed on January 28, 2011 (#1).[1] In his application and financial affidavit, plaintiff indicates that he receives a monthly income of $400 "for a movile [sic] home [he] sold." *Id*. Plaintiff claims that his debts and financial obligations are "too many to list them all." *Id.* at 2. While the court cannot ascertain plaintiff's precise ability to pay the filing fee based on the information contained within plaintiff's application, the court finds that it is unlikely plaintiff would be able to pay the $350 filing fee given his monthly income of only $400. Therefore, the court grants plaintiff's application to proceed *in forma pauperis*. However, the court's preliminary review of plaintiff's complaint (#1-1) reveals that it fails to state a claim upon which relief may be granted; therefore, the complaint is dismissed without prejudice and with leave to amend pursuant to this order.

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard

[1] Refers to the court's docket numbers.

under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In the instant case, plaintiff's complaint fails to state sufficient facts to demonstrate claims for trademark infringement, common-law infringement of right of publicity, unfair competition, injury to trademark reputation, unjust enrichment, or aggravated assault and battery. Plaintiff sues News Corporation Inc., Fox Entertainment Group, and My Network TV ("defendants"), claiming that the companies "have adopted and use [plaintiff's] trademarks to promote their goods and services on their shows and movies without the authorization of Plaintiff." *Id.* at 3. Plaintiff claims he owns the trademark "JLM9869" and the common-law trademarks "JoseLuis" and "Miranda," along with an additional symbol depicted in plaintiff's complaint. *Id.* Plaintiff alleges that defendants' use of "JLM9869" and plaintiff's other marks infringe his trademark rights, his right of publicity of the trademarks in violation of Nevada's common law, constitute unfair competition, injure plaintiff's reputation, and result in unjust enrichment of defendants. *Id.* at 4-6. Plaintiff further alleges that "for the past several years [he] has been a victim of Aggravated Assault, Assault and Battery with the intent to commit torture with a deadly weapon." *Id.* at 6. Plaintiff believes

defendants "may have detail [sic] knowledge of who the perpetrators might be." *Id.* at 7.

Plaintiff's complaint does not include any specific information about his marks and their intended uses, nor does he allege any facts about how and when defendants purportedly infringed his trademark rights. What few facts plaintiff provides are confusing and vague. For example, the court is at a loss to determine how defendants could have used "JLM9869" to promote their goods or why defendants would be aware of the identity of the perpetrators of plaintiff's assault. Further, the court declines to speculate as to the connection between plaintiff's trademark and assault claims. Without more factual details regarding the actions taken by defendants that purportedly infringed plaintiff's rights, the court is unable to link defendants to the allegedly illegal behavior about which plaintiff complains. In other words, plaintiff has not stated facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555.

As set forth above, plaintiff has failed to state a claim upon which relief can be granted. Therefore, it is recommended that plaintiff's application to proceed *in forma pauperis* (#1) be granted and that his complaint (#1-1) be dismissed without prejudice. Plaintiff is advised that a complaint should set forth a concise statement of facts that demonstrate a violation of plaintiff's rights and identify defendants' specific acts which violated those rights.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (#1) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (#1-1) is **DISMISSED WITHOUT PREJUDICE** and with leave to amend according to this order. Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without reference to the previous complaint.

///

///

///

///

///

///

      **IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date of entry of this order within which to file a first amended complaint remedying, if possible, the defects in the complaint explained above. Plaintiff's failure to do so may result in the immediate dismissal of the entire action.

**DATED**: June 6, 2011.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**